IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-02059-EWN-BNB

HIGH COUNTRY CONTAINER, INC.
a Colorado corporation, d/b/a DELINE BOX COMPANY,

Plaintiff,
v.

UNION PACIFIC RAILROAD COMPANY;
THE RIO GRANDE PACIFIC CORPORATION, a/k/a
THE RIO GRANDE RAILROAD; and
BNSF RAILWAY COMPANY, a/k/a
THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY.

Defendants.
_____

PROTECTIVE ORDER
_____

This case is before the Court on the "Joint Stipulated Motion of the Parties for a Protective Order."  The Court has reviewed the motion, and being fully advised in the matter, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information regarding Plaintiff's financial statements, tax returns, costs of materials, costs of goods sold, profits and losses, proprietary business information, and

confidential business financial information shall be designated "CONFIDENTIAL." Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it, or without further Order of the Court, or outside of the presence of the disclosing party's attorney, be disclosed except that such information may be disclosed to:

(a) parties;

(b) attorneys actively working on this case; and

(c) expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case.

5. Prior to disclosing any Confidential Information to any person listed above in Paragraph 4 (c), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. The form to be used by the parties is attached as Exhibit A. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party ~~disputing~~ **designating** the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the ~~disputing~~ **designating** party fails to file such a motion within the prescribed time, the disputed information shall ~~maintain~~ **lose** its designation as CONFIDENTIAL and shall ~~continue~~ **not thereafter** ~~to~~ be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party ~~disputing~~ **designating** the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to ~~not~~ be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED AND AGREED TO BY THE PARTIES THIS 4th DAY OF MAY, 2006:

| CAGE WILLIAMS, P.C. | UNION PACIFIC RAILROAD COMAPANY |
|---|---|
| s/Kelly K. Robinson_____ | s/Alice Marie de Stigter_____ |
| Kelly K. Robinson | Mark C. Hansen |
| Cage Williams, P.C. | Alice Marie de Stigter |
| 1433 17th Street | Steven E. Napper |
| Denver, CO 80202 | 1331 17th Street, Suite 406 |
| Telephone: (303) 295-0202 | Denver, Colorado 80202 |
| Facsimile: (303) 297-2220 | Telephone: (303) 964-4575 |
| Email: krobinson@CageWilliams.com | Attorneys for Defendant Union Pacific |
| Attorneys for Plaintiff | |

Dated May 5, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-02059-EWN-BNB

HIGH COUNTRY CONTAINER, INC.
a Colorado corporation, d/b/a DELINE BOX COMPANY,

     Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY;
THE RIO GRANDE PACIFIC CORPORATION, a/k/a
THE RIO GRANDE RAILROAD; and
BNSF RAILWAY COMPANY, a/k/a
THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY.

     Defendants.
_____

**EXHIBIT A: CONFIDENTIALITY AGREEMENT**
_____

     I, _____, the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the captioned action, that I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from Plaintiff in the captioned action and provided to me for the sole purposes of the captioned action, and agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the terms of the Protective Order.  My current address and telephone number are: _____
_____.

DATE: _____      _____
                                                                      Signature

STATE OF _____      )
                                      ) ss.
COUNTY OF _____      )

     The foregoing **Exhibit A: Confidentiality Agreement** was subscribed and sworn to before me by _____ in the County of _____, State of _____, this _____ day of _____ 2006.

NOTARY PUBLIC

My Commission expires: _____