IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–02059–EWN–BNB

HIGH COUNTRY CONTAINER, INC., a Colorado
corporation, d/b/a DELINE BOX COMPANY,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

      Defendant.

---

# ORDER AND MEMORANDUM OF DECISION

---

This is a property damage action brought under Colorado's railroad fire statute, Colorado Revised Statutes section 40–30–103 (the "Fire Statute"). Plaintiff High Country Container, Inc. alleges that Defendant Union Pacific Railroad Company's trains sparked two separate fires on Plaintiff's property adjacent to Defendant's railroad tracks. This matter is before the court on: (1) Defendant's "Motion in Limine to Exclude Plaintiff's Expert Witness, David Harvey," filed June 28, 2006; (2) Defendant's "Motion for Partial Summary Judgment on Plaintiff's Claim of Negligence and Negligence Per Se for the Fires of September 26 and October 25, 2003, and Plaintiff's Claim Pursuant to C.R.S., [sic] § 40–30–103 for the Fire of October 25, 2003," filed the same day; and (3) Defendant's "Motion for Summary Judgment on Plaintiff's Claim Pursuant

to C.R.S., [sic] § 40–30–103 for the Fire of September 26, 2003," also filed the same day. This court has jurisdiction pursuant to 28 U.S.C. § 1332 (2006).

**FACTS**

*1.     Facts*

In 2003, two fires occurred on Plaintiff's property at 3700 Lima Street, Denver, Colorado. (Def. Union Pac. R.R. Co.'s Mem. Br. in Supp. of Mot. for Partial Summ. J. on Pl.'s Claim of Negligence and Negligence Per Se for the Fires of Sept. 26 and Oct. 25, 2003, and Pl.'s Claim Pursuant to C.R.S., § 40–30–103 for the Fire of Oct. 25, 2003, Undisputed Facts ¶¶ 1, 3 [filed Oct. 18, 2005] [hereinafter "Def.'s Fire Two Br."]; *admitted at* Pl.'s Resp. to Def.'s Mot. for Partial Summ. J. on Pl.'s Claim Pursuant to C.R.S. § 40–30–102 for the Fire of Oct. 25, 2003, Resp. to Statement of Undisputed Facts ¶¶ 1, 3 [filed Aug. 1, 2003] [hereinafter "Pl.'s Fire Two Resp."].) The first fire ("Fire One") occurred on September 26, 2003, causing damage to Plaintiff's property. (*Id.*, Undisputed Facts ¶ 1; *admitted at* Pl.'s Fire Two Resp., Resp. to Statement of Undisputed Facts ¶ 1.) The second fire ("Fire Two") occurred on October 25, 2003. (*Id.*, Undisputed Facts ¶ 3; *admitted at* Pl.'s Fire Two Resp., Resp. to Statement of Undisputed Facts ¶ 3.) Fire Two started underneath a railroad car on Defendant's railroad tracks, which are adjacent to Plaintiff's property. (*Id.*) Fire Two burned grass, trash, and scrap paper, reaching the base of Plaintiff's loading dock. (*Id.*, Undisputed Facts ¶ 7; *admitted at* Pl.'s Fire Two Resp., Resp. to Statement of Undisputed Facts ¶ 7.) Plaintiff's president, David DeLine, testified that he did not believe Fire Two caused any damage to Plaintiff's property. (*Id.*,

Undisputed Facts ¶¶ 5–6; *admitted at* Pl.'s Fire Two Resp., Resp. to Statement of Undisputed Facts ¶¶ 5–6.)

### *2.     Procedural History*

On September 23, 2005, Plaintiff filed its complaint in state court, asserting claims for negligence, negligence per se, and "strict liability" under the Fire Statute. (Notice of Removal, Ex. A at 5 [Compl.] [filed Oct. 18, 2005].)  On October 18, 2005, Defendant filed its notice of removal. (*Id.* at 1.)  On June 28, 2006, Defendant filed a motion for partial summary judgment, asserting that: (1) the Fire Statute preempts Plaintiff's negligence-based claims; and (2) Plaintiff suffered no damages as a result of Fire Two and thus cannot recover for the incident under the Fire Statute. (Def.'s Fire Two Br.)  On August 1, 2006, Plaintiff filed its response. (Pl.'s Fire Two Resp.)  On the same day, the parties filed a joint stipulation requesting dismissal of Plaintiff's negligence and negligence per se claims. (Stip. for Dismissal of Pl.'s Claims for Negligence and Negligence Per Se [filed Aug. 1, 2006].)  On August 2, 2006, I granted their request. (Order [filed Aug. 2, 2006].)  Consequently, those aspects of Defendant's brief concerning Plaintiff's negligence-based claims are moot and given no further consideration.  On August 14, 2006, Defendant filed its reply. (Def. Union Pac. R.R. Co.'s Reply Br. in Supp. of Def.'s Mot. for Partial Summ. J. on Pl.'s Claim Pursuant to C.R.S. § 40–30–102 for the Fire of Oct. 25, 2003 [filed Aug. 14, 2006] [hereinafter "Def.'s Fire Two Reply"].)

On June 28, 2006, Defendant's filed a motion in limine, arguing for the exclusion of the opinions of Plaintiff's expert witness, David Harvey, regarding the cause of Fire One. (Def. Union Pac. R.R. Co.'s Br. in Supp. of its Mot. in Limine to Exclude Pl.'s Expert Witness, David

Harvey, from Testifying as to the Cause of the Fire of Sept. 26, 2003 [filed June 28, 2006] [hereinafter "Def.'s Limine Br."].)  Defendant argues that Mr. Harvey's opinions are unreliable, unscientific, and subjective.  (*Id.*)  Thus, Defendant contends Mr. Harvey's opinion testimony must be excluded under *Daubert*.  (*Id.*)  On August 1, 2006, Plaintiff filed its response.  (Pl.'s Resp. to Def.'s Mot. in Limine to Exclude Pl.'s Expert Witness, Dave [sic] Harvey, from Testifying as to the Cause of the Fire of Sept. 26, 2003 ¶ 2 [filed Aug. 1, 2006] [hereinafter "Pl.'s Limine Resp."].)  On August 18, 2006, Defendant filed its reply.  (Def. Union Pac. R.R. Co.'s Reply to Pl.'s Resp. to Def.'s Mot. in Limine to Exclude Pl.'s Expert Witness, David Harvey, from Testifying as to the Cause of the Fire of Sept. 26, 2003 [filed Aug. 18, 2006] [hereinafter "Def.'s Limine Reply"].)

Finally, Defendant also filed a separate motion for partial summary judgment on Plaintiff's Fire Statute claim arising out of Fire One, arguing that if its motion in limine is granted, then it must prevail on summary judgment "because Plaintiff cannot prove how the fire was caused." (Def. Union Pac. R.R. Co.'s Br. in Supp. of its Mot. for Summ. [sic] J. on Pl.'s Claim Pursuant to C.R.S., § 40–30–103 for the Fire of Sept. 26, 2003 [filed June 28, 2006] [hereinafter "Def.'s Fire One Br."].)  On August 4, 2006, Plaintiff filed its response.  (Pl.'s Resp. to Def.'s Mot. for Partial Summ. J. on Pl.'s Claim Pursuant to C.R.S. § 40–30–102 for the Fire of Sept. 26, 2003 [filed Aug. 4, 2006].)  On August 18, 2006, Defendant filed its reply.  (Def. Union Pac. R.R. Co.'s Reply Br. to Pl.'s Resp. to Def.'s Mot. for Summ. J. on Pl.'s Claim Pursuant to C.R.S. § 40–30–102 for the Fire of Sept. 26, 2003 [filed Aug. 18, 2006] [hereinafter "Def.'s Fire One Reply"].)

**ANALYSIS**

*1.   Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed

in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### 2. *Evaluation of Claims*

#### a. *Fire One*

I first address those motions concerning Fire One. As indicated above, Defendant filed an unusually early motion in limine to exclude Mr. Harvey's expert testimony regarding the cause of Fire One. (Def.'s Limine Br.) In connection with this motion, Defendant also filed a separate summary judgment brief, arguing that if it prevails on its motion in limine, then it is entitled to summary judgment on Plaintiff's Fire Statute claim concerning Fire One. (Def.'s Fire One Br.)

Regarding the former motion, United States District Court for the District of Colorado Local Civil Rule 7.1A provides:

> The court will not consider any motion, other than a motion under [Federal Rule of Civil Procedure] 12 or 56, unless counsel for the moving party[,] . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter. *The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.*

D.C. Colo. L. Civ R 7.1A (2006) (emphasis added). In plain contravention of this rule, Defendant's counsel neglected to state or certify that they endeavored to confer with Plaintiff's counsel. (*See* Def.'s Limine Br.) "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003). Moreover, failure to comport with Local Rule 7.1A is sufficient grounds to

warrant denial of a party's motion. *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997). Accordingly, Defendant's motion in limine is denied.

Formalities notwithstanding, Defendant's motion is of questionable value. Although Defendant characterizes its attack on Mr. Harvey's opinions as an critique of Mr. Harvey's methodology, at heart its critique chiefly focuses on the conclusions Mr. Harvey drew from the information he gathered. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (noting courts should generally focus on expert's methodology rather than conclusions). While the court recognizes that many of Mr. Harvey's ultimate conclusions may well be questionable, the gap between the information he gathered and those conclusions does not appear to be so broad as to warrant exclusion. *See Gen. Elec. v. Joiner*, 522 U.S. 136, 147 (1997) (stating that a court may exclude testimony where "there is simply too great an analytical gap between the data and the opinion proffered"); *see also Ambrosini v. Labarraque*, 101 F.3d 129, 131 (D.C. Cir. 1996) (reversing exclusion of expert evidence for district court's failure to "distinguish between the threshold question of admissibility and the persuasive weight to be assigned the expert evidence").

In its motion for summary judgment concerning Fire One, Defendant argues that Plaintiff cannot prove the cause of Fire One absent Mr. Harvey's expert testimony. (Def.'s Fire One Br.) As Plaintiff correctly points out, Defendant's motion is entirely contingent upon its success on its motion in limine. (Pl.'s Fire One Resp. at 1.) Thus, the motion for summary judgment falls along

with the motion in limine. Defendant's motion for summary judgment concerning Fire One is denied.

### b.     *Fire Two*

Although Defendant denies it caused Fire Two, it argues that it would not matter if it had, since it is entitled to summary judgment based upon uncontroverted evidence that Plaintiff was not damaged by the fire. (Def.'s Fire Two Br. at 6.) Plaintiff admits it suffered no economic damages, but asserts it is entitled to nominal damages under Colorado's Fire Statute. (Pl.'s Br. at 3.) For the reasons set forth below, I must dismiss Plaintiff's claim.

In relevant part, Colorado's railroad fire statute states:

> Every railroad company operating its line of road . . . within this state shall be liable for all damages by fires that are set out or caused by operating any such line of road . . . in this state, whether negligently or otherwise. Such damages may be recovered by the party damaged by a proper action in any court of competent jurisdiction . . . . The liability imposed in this section shall inure solely in favor of the owner or mortgagee of the property so damaged or destroyed by fire . . . .

Colo. Rev. Stat. § 40–30–103 (2006).

Plaintiff cites no case in which a party recovered under the Fire Statute although it suffered no actual damages. (Pl.'s Resp.) Instead, Plaintiff cites to trespass cases in which parties came forward with insufficient evidence of actual damages and, consequently, were entitled to nominal damages. (*Id.* [citing *United States v. Mock*, 149 U.S. 273 (1893); *Crawford v. French*, 633 P.2d 524 (Colo. Ct. App. 1981)].) In *Mock*, the government sued a logger for trespass and unlawful timber extraction. 149 U.S. at 277. The Court indicated that, in the absence of evidence concerning the value of the extracted timber, the government would be entitled to nominal

damages. *Id.* In *Crawford*, the appellate court reversed the trial court's damages award for trespass because there was "no evidence produced as to any actual damage incurred by defendants resulting from this trespass." 633 P.2d at 527. Thus, the court remanded the case for entry of a judgment for nominal damages. *Id.* In the instant case, there is not a mere *absence* of evidence concerning damages. Instead, we have the deposition testimony of Plaintiff's President, David DeLine, which affirms Plaintiff was not damaged by Fire Two:

> Q. Was there any damage to any property of [Plaintiff] as a result of [Fire Two]?
> A. I do not believe so.
> Q. Okay. Was [sic] any of your employees injured in any way as a result of this incident?
> A. No.

(Def.'s Fire Two Br., Ex. B at 35 [DeLine Dep.].) Notwithstanding this admission, Plaintiff seeks to enforce its "right to nominal damages for the invasion of a property right." (Pl.'s Fire Two Resp. at 3.)

The gaping hole in Plaintiff's theory, however, is the fact that the Fire Statute creates no such "property right." Plaintiff furnishes no authority for importing principles of the law of trespass into the interpretation of the Fire Statute. (*See* Pl.'s Fire Two Resp.) Instead, Plaintiff asserts that because the legislature chose to use the phrase "all damages" instead of "actual damages" in the Fire Statute, the statute "must include nominal damages." (*Id.* at 4.) If this court were to countenance Plaintiff's novel construction of the Fire Statute, then it would seem the statute would could also entitle Plaintiff to punitive damages — and, quite possibly, further inventive categories of damages heretofore unconceived. This cannot be the case. Indeed,

-9-

statutes in derogation of the common law — such as the Fire Statute — are to be strictly construed. *Water, Waste & Land v. Lanham*, 955 P.2d 997, 1003 (Colo. 1998) (citations omitted); *Rhinehart v. Denver & R. G. R. Co.*, 158 P. 149, 155–56 (Colo. 1916). Moreover, nominal damages are "damages awarded for the infraction of a *legal right*." CHARLES T. MCCORMICK, HANDBOOK ON THE LAW OF DAMAGES § 20, at 85 (1935). The Fire Statute does not create a legal right to be free from fires caused by the operation of a railroad, it creates a right to recover for "property so damaged or destroyed." Colo. Rev. Stat. § 40–30–103 (2006). The Colorado Supreme Court has noted:

> The statute is intended to provide an indemnity to owners against loss from fire caused by the operation of railroads. It was enacted to settle upon whom the loss should fall, and because of the peculiar manner in which railway companies use this dangerous element, it casts the responsibility of employing it on them.

*Rhinehart*, 158 P. at 153 (citation and quotation marks omitted). Thus, the purpose of the statute is to indemnify landowners' losses due to fires caused by the operation of railroads. If a fire occurs, but a landowner suffers no loss, then no right created by the Fire Statute has been violated — no harm, no foul. It is undisputed that Fire Two caused Plaintiff no loss. Thus, Colorado Revised Statute section 40–30–103 furnishes no right under which Plaintiff may recover for the mere occurrence of a fire. Plaintiff's claim for Fire Two must be dismissed.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. DEFENDANT's motion (#48) for partial summary judgment on Plaintiff's claim arising out of the fire of October 25, 2003 and on Plaintiff's negligence and negligence per se

claims is GRANTED in part and DENIED in part as moot. Defendant's motion is granted with respect to Plaintiff's claim under Colorado Revised Statutes section 40–30–103 for the fire of October 25, 2003. Defendant's motion is denied as moot with respect to Plaintiff's negligence-based claims.

2. DEFENDANT's motion (#50) in limine is DENIED.

3. DEFENDANT's motion (#53) for partial summary judgment on Plaintiff's claim arising out of the fire of September 26, 2003 is DENIED.

4. As per the court's actions, Plaintiff's claim arising out of the fire of October 25, 2005 is DISMISSED with prejudice.

The court will hold a Final Pretrial Conference commencing at 10:30 o'clock a.m. on February 23, 2007, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.]

Dated this 26th day of January, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge